UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stephanie Downs,<br><br>    Plaintiff,<br><br>v.<br><br>New Penn Financial, LLC<br>Dba Shellpoint Mortgage Servicing, LLC<br>c/o Illinois Corporation Service<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703,<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a Delaware corporation with its principal office in the State of Pennsylvania.

6- Defendant acquired the Debt after it was in default and therefore qualifies as a "Debt Collector" under the Fair Debt Collection Practices Act.

7- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

10- On or around November 20, 2008, Plaintiff filed a voluntary bankruptcy petition.

11- Plaintiff's bankruptcy included the Debt.

12- Further, in Plaintiff's bankruptcy, Plaintiff surrendered the home securing the Debt.

13- On or around March 9, 2009, Plaintiff received a discharge of the Debt.

14- At the time Defendant acquired the Debt, Defendant knew or should have known that the Debt was discharged in bankruptcy.

15- Since Defendant acquired the post-default debt, Defendant made several attempts to collect the Debt in violation of the FDCPA.

16- Defendant damaged Plaintiff.

17- Defendant violated the FDCPA.

## COUNT I

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT III

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT IV

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT V

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

28- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*